Ruffin, Chief Justice.
The superior title of the defendant could be lost only by an actual possession adverse to him and continued for three years. We think with the Judge who tried the cause, that such a possession does not appear in this case. Although William Hamlin, as between themselves, might not have been allowed to withhold the slaves from the plaintiff, from whom he derived the possession, yet, for. a like reason, he was *271 under an equal obligation to surrender them to the defendant. As between William and these parties, he was the bailee of each; and consequently his possession, as such, could not be adverse to either. It follows, that the plaintiff could not, by means of it, gain that which the defendant did not lose by it.
But the case does not depend only on the original relation of Willian Hamlin to the parties; it is yet stronger for the defendant. He not only claimed the slaves, and took the engagement of William to hold for him, but this claim and engagement were communicated to the plaintiff, and assented to by hi'm. Upon receiving information of those facts, the plaintiff wrote the letter dated 4th January 1833. In that letter he does not assert a possession in himself: on the contrary, he disclaims the right, “ resigns the slaves to you” (the defendant,) as “ the rightful owner and refers his interest to the liberality of the defendant. This terminated the obligation of William to retain possession for the plaintiff; and it was never re-assumed. The plaintiff, indeed, afterwards informed his brother that he should insist that the negroes were in his possession under his bailment, unless the defendant should personally take the actual possession from William; but the latter disregarded the notice, and ever after held, by express agreement, for the defendant aloné.
We think it clear, therefore, that there has been no possession by or for the plaintiff, which, of itself can constitute a title as against this defendant > and the judgment is affirmed.
Per Curiam. Judgment affirmed.